IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| BRENDA G. DAVIS, ) | CASE NO. 05-40210-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Debtors' Attorney's Motion for Allowance of Section 503(b) Claim" (Docket No. 34) filed by J. Todd Malaise ("Applicant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Brenda G. Davis ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 1, 2005.

Attached to the petition, Debtor filed a "Disclosure of Compensation of Attorney For Debtor" (Docket No. 1). The disclosure provides that the Law Office of J. Todd Malaise has agreed to accept $2,050.00 for legal services. Paragraph 6 of the disclosure provides: "By agreement with the debtor(s), the

above-disclosed fee does not include the following services:"  No services are identified in paragraph 6.  The disclosure bears Debtor's signature in addition to that of Applicant.

Assisted by Applicant, Debtor filed a Chapter 13 plan, schedules, and a statement of financial affairs, and appeared at two meetings of creditors.  On behalf of Debtor, Applicant amended the schedules and plan, and responded to a motion to lift stay and two motions to dismiss filed by the Chapter 13 Trustee.  The instant case was dismissed on the second of these motions, for failure of Debtor to make the payments called for under the proposed plan.  No plan was confirmed.

In the instant application, Applicant seeks allowance of $2,686.50 in attorney fees.  The time spent by the firm is billed at an hourly rate of $195 per hour for attorneys, and $80 per hour for paraprofessionals.  The instant application was served on Debtor, the Chapter 13 Trustee, the United States Trustee, and creditors.

At the hearing on the instant application, Mike Tabet, an attorney associated with Applicant, presented a copy of Applicant's prepetition fee agreement with Debtor.  The agreement purports to provide for a fixed fee of $2,050, and purports not to cover services such as representation in adversary proceedings, motions to avoid lien, motions for relief from stay, motions to modify plan, and motions to dismiss.

Conclusions of Law

The instant case was filed prior to the court's amendment to the Local Rules. Thus, the instant application is governed by the law and rules in effect prior to those amendments.

Section 329(a) of the Bankruptcy Code requires debtors' counsel to disclose a statement of compensation paid or agreed to be paid in connection with the representation of debtors in a Chapter 13 bankruptcy case. Section 329(b) provides that the Court may cancel any compensation agreement and may order the return of any funds paid or payable by chapter 13 debtors to the extent that such compensation exceeds the reasonable value of counsel's services.

In General Order 2004-5, signed April 14, 2004, the court, en banc, adopted procedures for the allowance of fixed fees. The procedure for allowance of fixed fees adopted in General Order 2004-5 provides in part for the filing of a combined fee agreement and disclosure under Bankruptcy Rule 2016(b), in order to allow the court to determine in advance that the fee sought is reasonable. Those procedures were not followed by Applicant in the instant case, thus the court considers the instant application under the lodestar analysis set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

Section 330(a)(4) of the Bankruptcy Code sets forth the standards governing reasonable compensation to a debtors' attorney "for representing interests of the debtor in connection with the bankruptcy case." The factors to be considered are the benefit and necessity of the services and the "nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(a)(4).

In the instant case, the time spent on the services, at the hourly rates billed, appears commensurate with the complexity of the services rendered. The services rendered were necessary to the administrative of the case. The compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners.

The Chapter 13 Trustee argues that the amount of the instant application is excessive, in that he believes the disclosure of compensation, signed by Debtor, reflects Debtor's agreement with Applicant.  The court notes that Applicant served the instant application on Debtor, and Debtor did not object.  Ultimately, it is Debtor who bears the brunt of this court's allowance of fees in a dismissed case, because the remainder, after payment of administrative expenses, is returned to the Debtor pursuant to Section 1326(a)(2).  In the absence of an objection by the Debtor in the instant case, this court declines to conclude either that there was no meeting of the minds between Debtor and Applicant in the formation of a contractual relationship to provide legal services or that the Rule 2016(b) disclosure filed by Applicant is a part of the contract for representation.  The court notes, however, that the Rule 2016(b) disclosure filed in the instant case is inaccurate.  Applicant must file an amended disclosure.

Based on the foregoing, a separate Judgment will be entered granting the "Debtors' Attorney's Motion for Allowance of Section 503(b) Claim" (Docket No. 34) upon filing of an amended Bankruptcy Rule 2016(b) disclosure.

Signed at Houston, Texas on June 13, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE